## SCHNEIDER v. CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS—PARKS AND BOULEVARDS—RIGHT TO MAINTAIN OUTSIDE THREE-MILE LIMIT—EVIDENCE—SUFFICIENCY. In view of section 22, Art. 8, State Constitution, authorizing cities to establish and maintain parks and boulevards either within or without the city limits, and section 4, title 10, of the charter of the city of Grand Rapids, empowering the city commission to adopt a plan of streets and alleys within the city limits and for a distance of not more than three miles beyond its limits, in proceedings to enjoin the city of Grand Rapids from accepting from a voluntary association a donation of land for park and boulevard purposes outside the city limits, the Supreme Court will decline to determine the right of the city to acquire lands for such purposes more than three miles beyond its limit in the absence of affirmative testimony that the land in question is beyond the three-mile limit.

2. SAME—STATUTES—VALIDITY—RIGHT OF TAXPAYER TO ATTACK. Plaintiff, a taxpayer of the city of Grand Rapids, has no such interest as authorizes him to attack the constitutionality of the law (2 Comp. Laws 1915, § 10130 *et seq.*) under which defendant voluntary association is incorporated.

3. SAME—PARKS AND BOULEVARDS—RESERVATIONS IN DEEDS FOR
   PURPOSES OF.

   *Held,* that the reservations in the deeds of conveyance are
   not of such character as will hamper the city in the use
   of the lands for park and boulevard purposes, nor do they
   impose an unlawful burden on the taxpayers of the city.

4. SAME—TRUSTS—CONVEYANCES—VALIDITY.

   The contention of plaintiff that the conveyance is illegal be-
   cause the city of Grand Rapids is both trustee and *cestui
   que trust* is untenable, since the city is not named in the
   deed as trustee, but even if it were it would take as trustee
   for the people of the city of Grand Rapids.

5. APPEAL AND ERROR—MUNICIPAL CORPORATIONS—QUESTIONS NOT
   PROPERLY PRESENTED NOT CONSIDERED.

   Questions not properly presented by the record, although
   mentioned in a brief filed by the village of East Grand
   Rapids showing it to be interested, will not be considered
   by this court.

Appeal from superior court of Grand Rapids; Dun-
ham (Major L.), J. Submitted October 14, 1919.
(Docket No. 43.) Decided September 30, 1920.

Bill by C. Fred Schneider against the city of Grand
Rapids and another to enjoin the conveyance of certain
land to defendant city. From a decree dismissing the
bill, plaintiff appeals. Affirmed.

*C. Roy Hatten,* for plaintiff.

*Ganson Taggart,* for defendants.

*Emil B. Gansser,* for village of East Grand Rapids.

FELLOWS, J. Defendant the Grand Rapids Park
and Boulevard Association is organized under Act No.
161 of the Public Acts of 1911 (2 Comp. Laws
1915, § 10130 *et seq.*). From a former voluntary as-
sociation and by donations and purchase it has ac-
quired through some 24 deeds lands suitable and de-
sirable for park and boulevard purposes of the value

of $130,000.   It made a deed of those lands to the defendant city of Grand Rapids which it offered to deliver to the city and which the city is desirous of accepting.   Plaintiff, a taxpayer of the city, files this bill to restrain the city from accepting such conveyance.

1. Section 22, Art. 8, of the State Constitution, provides:

"Any city or village may acquire, own, establish and maintain, either within or without its corporate limits, parks, boulevards, cemeteries, hospitals, almshouses, and all works which involve the public health and safety."

In the charter of the city of Grand Rapids will be found the following (section 4, title 10) :

"The city commission shall have and it is hereby given the power to adopt a plan of streets and alleys within the city limits and for a distance of not more than three miles beyond its limits as may be hereafter authorized by law."

We are asked in this proceeding to determine the right of the city of Grand Rapids to acquire lands for park and boulevard purposes outside the three-mile limit found in the charter.   This we must decline to do upon this record.   The only testimony before us as to the location of the lands conveyed by the deed is as follows:

"*Q.* What if any portion of those properties are beyond the three-mile radius, beyond the city limits?
"*A.* None of them, unless it is the extreme end of Grandville Drive.   They are practically within the limit of three miles from the city, at present some of them are within the city limits.   Richmond Hills, Burton Woods, and part of the Grandville Drive are inside the city.   The Hodenpyl Woods and Bonnell Park are outside but within three miles."

This testimony falls far short of affirmatively estab-

211—Mich.—26.

lishing that any of the lands are beyond the three-mile limit. It is not claimed that the city has not the power to acquire lands within that limit.

2. Plaintiff insists that the act under which the defendant association is incorporated is invalid in that it infringes the right of home rule. We fail to perceive any interest in plaintiff which authorizes him to invoke a decision of this court upon that question.

"Before a law can be attacked by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement on his rights." 6 R. C. L. p. 89.

The defendant association is making no claim to, and is asserting no rights in, the streets, parks or boulevards of the city of which plaintiff is a taxpayer. It is at least a *de facto* association, and has acquired title to some $130,000 worth of real estate suitable and available for park and boulevard purposes which it offers to donate to the city. Under the Constitution and under the charter the city is authorized to acquire lands for such purposes. That it could purchase them for such purposes is not denied. We do not perceive how plaintiff, a taxpayer of the municipality, is harmed by their donation. True, the city will be to expense in their maintenance but this would likewise be true if they were purchased. It will be time enough to determine the validity of this statute when a conflict arises between a municipality and an association organized under the act over the right to exercise control of streets or other public places, or the State by appropriate proceedings questions the right of the association to function.

3. Some of the grantors imposed conditions and reservations in their deeds of conveyance to the association which were likewise imposed upon the city in the deed from the association to it. Without detailing

all of them it will suffice to say that we find none of them to be of a character which will hamper the city in the use of the lands for the purposes for which they are deeded to it or which are inappropriate to the purposes of the grant or which impose an unlawful burden on the taxpayers of the city. Some of the grantors reserved the right to maintain sewers, gas, and water facilities in the streets, but this is a recognized use of the streets of a city; others who donated lands guarded against expense and inconvenience to themselves by reason of their gift by requiring fences, gates, etc., and ingress and egress to their remaining property; while others required the use of the property for the purposes for which it was donated and in a manner to carry out such purpose.

4. Finally, it is urged that under the conveyance tendered this property is deeded to the city as trustee and that it is both trustee and *cestui que trust,* which it is insisted is not allowable. This contention we think misconceives the grant and its purpose. The deed runs to the city, a municipal corporation. It is not named as trustee. But if we assume that under the statute and the language employed in the deed the city takes as trustee, it takes as trustee for the people of Grand Rapids, who are really the *cestuis que trustent.* These parks and boulevards donated to the city of Grand Rapids are for the use and benefit of the public and the city as trustee can take the title for the use and benefit of its citizens.

5. The village of East Grand Rapids was permitted to file a brief. The clerk has been advised by one of the counsel that questions between defendant city and the village have been adjusted, but no stipulation has been filed to that effect, although we have withheld opinion in the case awaiting the same. We have, however, concluded that we should not settle any questions between the two municipalities upon this record.

While there are statements in the brief of the village which show it to be interested, the record is not made up so as to present such questions in an intelligent manner. There is no testimony in the record showing what, if any, of the property covered by the deed is in East Grand Rapids, or if any there be in the village, what its character is. Under these circumstances we do not consider the questions raised in the brief of the village of East Grand Rapids.

It follows from what we have said that plaintiff's case is without equity and the decree dismissing his bill will be affirmed, with costs to the defendants.

MOORE, C. J., and STEERE, BROOKE, STONE, BIRD, and SHARPE, JJ., concurred.