SIEGEL LAND CORPORATION *v.* CITY OF HIGHLAND PARK.

1. MUNICIPAL CORPORATIONS — INJUNCTION — PARKS — PROPERTY OWNER NOT ENTITLED TO ENJOIN ERECTION OF FENCE.

The owner of an apartment house facing a park held by a corporation organized under Act No. 161, Pub. Acts 1911 (2 Comp. Laws 1915, § 10130 *et seq.*), to hold land perpetually in trust for a municipal corporation for park purposes, has no right to an outlet across said park to a public street, and therefore it may not enjoin the erection of a fence built for the purpose of preventing its tenants from crossing said park; and whether or not said act is constitutional is immaterial to the issue involved.[1]

2. SAME — PROPERTY OWNER MAY NOT QUESTION VALIDITY OF STATUTE AUTHORIZING CORPORATIONS TO HOLD LANDS IN TRUST FOR PARKS.

A property owner in a city is in no position to question

---

[1] Municipal Corporations, 28 Cyc. p. 940 (Anno).

Injunction against obstruction of parks, by fences or gates, see note in 7 L. R. A. (N. S.) 85.

the constitutionality of Act No. 161, Pub. Acts 1911 (2 Comp. Laws 1915, § 10130 *et seq.*), under which a corporation was organized to hold lands perpetually in trust for a municipal corporation for park purposes.[2]

Appeal from Wayne; Webster (Clyde I.), J.    Submitted April 22, 1926.    (Docket No. 54.)    Decided June 7, 1926.    Rehearing denied July 21, 1926.

Bill by the Siegel Land Corporation against the city of Highland Park and the Farrand Avenue Improvement Association to enjoin the erection of a fence. Defendant improvement association filed a cross-bill to enjoin the construction of a sidewalk.    From a decree for defendants, plaintiff appeals.    Affirmed.

*Lightner, Oxtoby, Hanley & Crawford,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant Farrand Avenue Improvement Association.

*Claude H. Stevens,* for defendant city of Highland Park.

SNOW, J.    The defendant Farrand Avenue Improvement Association was incorporated under Act No. 161, Pub. Acts 1911 (2 Comp. Laws 1915, § 10130 *et seq.*), for the purpose of acquiring, owning, controlling, maintaining, and improving lands for the purpose of parks, etc., and holding the same in trust for the municipality of the village of Highland Park, Michigan.    After the organization of this association, part of lots six and seven of Highland Heights subdivision was deeded to it, the same to be laid out as a public park and used and maintained perpetually as such, and for no other purpose, failure in which the land was to revert to the grantors and their heirs and assigns.    The park was established facing Farrand avenue, and has been improved and maintained as such since 1912.

---

[2]Constitutional Law, 12 C. J. § 177.

The plaintiff acquired land in the rear of the park, and constructed thereon a large apartment building, now occupied by 50 or more families.    Entrance to the building is from Woodward avenue, along a small sidewalk running along the southerly line of the property.    There is no way from the apartment onto Farrand avenue without walking across the park. Plaintiff knew this when it built the apartment, and during its construction attempted to obtain permission from the city of Highland Park, and from the improvement association, to run a sidewalk across the park to the public sidewalk on Farrand avenue, which in each instance was denied.    After the apartment was completed and occupied, the tenants commenced to go through the park onto Farrand avenue and to trample down the shrubbery, and do other injury.    This caused the city to prepare for the erection of a fence on the edge of the property to prevent the use of the park as an entrance to the apartment.    Plaintiff then filed its bill in this case to enjoin such construction.    Defendants answered by way of cross-bill, secured an injunction to restrain plaintiff and its tenants from going through its hedge and over its premises, and prayed for the right to construct a wire fence along the line of their shrubbery.    The chancellor, before whom the case was tried, dismissed plaintiff's bill and granted to the defendants the relief prayed.

It is impossible to conceive that any other disposition of the case could have been made.    Plaintiff has not now, and never has had, the slightest right to the use of this property for an entrance to its apartment. Doubtless it feels great desirability in having an outlet on Farrand avenue, but the statute under which the defendant association was organized gives to the public no such right in its park.    From whence, then, can come the right plaintiff contends for?    An an-

swer to this question is attempted by a claim that the act under which defendant was organized is unconstitutional.     But if it is, no one would profit from it in this case excepting the grantors of the park, to whom it would revert.     It is sufficient to say, however, that plaintiff is in no position to invoke this question, and its determination is not required. *Schneider* v. *City of Grand Rapids*, 211 Mich. 399; 6 R. C. L. p. 89.

The decree of the trial court is affirmed with costs to appellee Farrand Avenue Improvement Association.

BIRD, C. J., and SHARPE; STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.