JEND v. CITY OF DETROIT.

MUNICIPAL CORPORATIONS — LAND DEDICATED AND ACCEPTED FOR PARK PURPOSES NOT PART OF STREET.

    Where a strip of land situated on a street corner was dedicated and accepted for "park purposes," the municipality could not treat it as part of the street and assess the adjoining lot owner for paving tax on the theory that he owned a corner lot, since, when so dedicated and accepted, its use as such may not be restricted by any action of the municipality.

Error to Wayne; McPeek (Russell R.), J., presiding. Submitted April 17, 1928. (Docket No. 155, Calendar No. 33,546.) Decided June 4, 1928.

Assumpsit by Daniel D. J. Jend against the city of Detroit for taxes paid under protest. Judgment for

plaintiff on a directed verdict.    Defendant brings error.    Affirmed.

*Walter Barlow (Clarence E. Wilcox,* of counsel), for appellant.

*Henry C. Bogle,* for appellee.

SHARPE, J.   In 1913 the Grix Land Company platted certain land on section 11 in the township of Greenfield, in Wayne county, of which it was the owner. This plat was approved by the township board and recorded in the office of the register of deeds.   In the dedication appearing thereon, the owner states that "the streets and alleys and parks as shown on said plat are hereby dedicated to the use of the public." This land was afterwards taken into and became a part of the city of Detroit.   It lies to the east of Woodward avenue, most of it fronting thereon.   Two of the streets leading into Woodward are named Grixdale road and Greendale avenue.   At the northwest corner of the block between these streets the plat shows a tract 81.70 feet in width, fronting on Woodward and extending to the east along Grixdale road more than 100 feet, marked thereon "Park Purposes," and on the southwest corner, abutting on Greendale avenue, is a strip 25 feet wide, fronting on Woodward and extending back more than 100 feet, also designated "Park Purposes."   Plaintiff is the owner of lot 109, adjoining this strip on the north.   It has a frontage on Woodward of 20 feet and extends back the same distance as the 25-foot strip.

In 1923 the city paved Greendale avenue and assessed a tax therefor against lot 109.   Plaintiff paid this tax under protest, and brings this action to recover the amount so paid.   The trial court directed a verdict in his favor.   Defendant seeks review by writ of error of the judgment entered thereon.

Counsel for the city contend that the plots designated "Park Purposes" on the plat are parts of the street; that plaintiff's lot abuts on Greendale avenue, and is liable to the assessment made against it.    Stress is laid upon the fact that the surveyor who prepared the plat certified thereon that he had planted iron stakes at the street intersections, and that such a stake was placed at the southwest corner of plaintiff's lot.    We have examined the photostatic copy of the plat in the record, and are not satisfied that it shows a uniformity in the  placing of these stakes with respect to parcels designated "Park Purposes."    The city has not assumed to use the strip in question as a part of the street.    Its pavement is not extended in width to cover any portion of it.    It is apparent that plaintiff has not a corner lot; that he could make no use of this strip inconsistent with its use by the public for park purposes.    The holding in *Newberry* v. *City of Detroit*, 164 Mich. 410 (32 L. R. A. [N. S.] 303), that ornamental strips of land in the center of boulevards or highways are a part of the street, is in no way controlling.    The use which owners of adjoining lands may make of lands set apart for park purposes was pointed out in *Siegel Land Corp.* v. *City of Highland Park*, 235 Mich. 133.    When so dedicated by the owner and accepted by the city, its use as such may not be restricted by any action of the municipality.    18 C. J. p. 127.    In our opinion the trial court was clearly right in holding that plaintiff's lot was not subject to the tax levied upon it.

The judgment is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.