RHINES v. CONSUMERS' POWER CO.

1. JUDGMENT—INCORPORATING REASONS AND RULINGS IN DECREE.
   Reasons and rulings, if necessary to be incorporated in decree in interest of clarity, should be concisely set out.

2. DEEDS—RAILROADS—REVERSION—CONDITION SUBSEQUENT.
   Quitclaim deed conveying strip of land for electric railway purposes, with reversion clause in case of abandonment for purpose granted, conveyed, not easement, but fee upon condition subsequent.

3. SAME—CONSTRUCTION OF DEED.
   Court may not change contract of parties by reading into deed restriction on use while it is operative or limitation of time on duration of condition, where deed is so plain that construction is unnecessary; it clearly defining estate, test of breach of condition, and remedy for breach.

Appeal from Jackson; Simpson (John), J. Submitted April 8, 1932. (Docket No. 64, Calendar No. 35,846.) Decided June 6, 1932.

Bill by Emmett Rhines against Consumers Power Company, a corporation, to enjoin construction of an electric distribution line. Bill dismissed. Defendant appeals from portion of decree incorporating opinions. Modified and affirmed.

*Frank L. Blackman,* for plaintiff.

*Bisbee, McKone, Wilson & King,* for defendant.

FEAD, J. November 14, 1901, by quitclaim deed, plaintiff and wife conveyed to Jackson & Albion Electric Railway Company a two-rod strip of land adjacent to a highway. The granting, *habendum,*

and *tenendum* clauses of the deed were unqualified, but following the description was the provision:

"In the event of abandonment of this strip of land for the purpose granted electric car line, for a period of three years, the same shall revert to grantor, his heirs or assigns."

Shortly thereafter, an electric railway was constructed by the grantee and it was continuously operated until the summer of 1929, when it was abandoned, the rails removed, and the land sold by the grantee to defendant, which proposes to use it for construction and maintenance of an electric distribution line.

This suit was commenced July 26, 1930, to restrain the contemplated use by defendant as contrary to the use provided in the deed and as injuring the reversion. Defendant contended the action was prematurely brought and that the condition was fulfilled and abrogated by long use of the strip for electric railway purposes.

The court held the action premature, and that the bill should be dismissed without prejudice to later proceedings. On defendant's contention that the condition has been abrogated and on its insistence that such question be determined, the court filed opinions holding the condition operative and inserted in the decree dismissing the bill a provision that the opinions are made part of the decree. Defendant now complains of the latter provision. We think it should be stricken as a matter of good form in a decree. Where reasons and rulings are to be incorporated in a decree, in rare instances where it seems necessary in the interest of clarity, they should be concisely set out. The record shows that the issue was raised by defendant, and the decree covers it without direct reference to the opinions.

The deed conveyed, not an easement of way, but a fee upon condition subsequent. *Quinn* v. *Railway Co.*, 256 Mich. 143. The authorities cited by defendant to the effect that contracted use for a reasonable time may fulfil and abrogate a condition subsequent involved construction of an instrument in the light of its language, the character and purpose of the condition subsequent, and the intention of the parties.

The deed at bar is so plain that construction is unnecessary. It clearly defined the estate, the test of breach of condition, and the remedy for breach. We cannot change the contract of the parties by reading into it a restriction upon use while it is operative or a limitation of time upon duration of the condition.

The decree will be modified by striking the clause incorporating the opinions, and otherwise affirmed, but without costs of this court.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.