19210

Dora Gary EASTERLY et al., Respondents, v. Fred N. Hall, Appellant.

(182 S. E. (2d) 671)

*Messrs. Perrin, Perrin & Mann,* of Spartanburg, *for Appellant,*

*Messrs. Means, Evins, Browne & Hamilton,* of Spartanburg, *for Respondents,*

338

*Messrs. Perrin, Perrin & Mann,* of Spartanburg, *for Appellant, in reply,*

April 26, 1971.

Moss, Chief Justice.

This is a suit in equity, commenced on June 17, 1969, by Dora Gary Easterly, *et al.,* the respondents herein, against Fred N. Hall, the appellant herein, to restrain and enjoin him from constructing a duplex apartment on his property, allegedly in violation of restrictions and protective covenants applicable to the property. By order dated June 17, 1969, the trial judge temporarily restrained the appellant from continuing the construction of a duplex apartment on his property and required him to show cause why an injunction *pendente lite* should not be issued. On July 8, 1969, the trial judge issued an injunction *pendente lite* against the appellant and referred the case to the Master in Equity for Spartanburg County for trial. Thereafter, the Master filed his report recommending that the respondents be declared to have no

interest in any conditions or restrictions affecting the appellant's lot and to have no standing to invoke the conditions and restrictions contained in his deed and that the injunction *pendente lite* be dissolved and the complaint dismissed. All parties filed exceptions to such report. The trial judge, by order dated November 8, 1969, reversed the findings of the Master and the injunction *pendent lite* was made permanent. This appeal followed.

In 1935 Caro C. Powell acquired title to a 49 acre tract of land west of and near the then existing city limits of the City of Spartanburg. Thereafter, a dual lane highway, now U. S. No. 29, was constructed and so located as to bisect the 49 acre tract into approximately equal areas, one of which abuts on the north side of said highway and the other on the south side. The property on the north of the highway was subdivided into twelve lots, as shown by a recorded plat dated August, 1938. In May, 1939, a sketch of the property to the south of the highway was prepared but such sketch was incomplete and never recorded. However, on June 4, 1946, a plat was made and recorded showing a subdivision into lots of so much of the property to the south of the highway as had not been sold, and this property was conveyed by Caro C. Powell to Woodrow W. Willard by deed dated May 6, 1954, and such contained no restrictions whatsoever.

Previous to the conveyance to the property to Willard, Caro C. Powell had conveyed other lots south of the highway by four separate deeds, to wit: (1) Deed to Lillie C. Farmer, dated June 30, 1939, conveying 4.92 acres according to a plat entitled "Property of J. L. Farmer", dated June 8, 1939, (2) Deed to A. H. Chapman, Sr., dated October 3, 1941, conveying 1.18 acres according to a plat entitled "Proposed Conveyance to A. H. Chapman", dated October 3, 1941, (3) Deed to M. O. Hardy and Virgia Mae Hardy, dated January 25, 1946, of one lot according to a plat of four lots entitled "Survey for Fred N. Hall",

dated January 12, 1946, and (4) Deed to Fred N. Hall, the appellant, dated January 25, 1946, conveying three lots according to said plat of four lots entitled "Survey for Fred N. Hall", dated January 12, 1946.

All of the deeds made by Caro C. Powell, other than the one to Willard, conveying all of the lots to the north of the highway and the lands referred to in the deeds immediately above set out had included therein the following restriction, to wit:

"That only one residence may be erected on any one lot, but any person may use two or more lots placing one residence thereon."

Dora Gary Easterly, one of the respondents, acquired title to her lot from M. O. Hardy and Virgia Mae Hardy, by deed dated October 5, 1948, and the other respondents acquired title to their lots by deed from Woodrow W. Willard.

It appears that on March 23, 1954, Woodrow W. Willard subdivided the property which he had purchased from Caro C. Powell into fourteen lots with widened and relocated roads, and the plat thereof was duly recorded. By an instrument dated May 22, 1954, detailed and strict protective covenants were imposed on these lots, among such being the following:

"All of the lots shall be known and described as residential lots, and no structure shall be erected upon any of said residential lots other than one single family private dwelling house not to exceed two stories in height, and a one, two or three-car garage. No apartment house or duplex of any type shall be erected or maintained on any of the lots, * * *."

All lot owners whose property was located south of U. S. Highway No. 29, including the appellant, joined in and were signatories to this instrument. The aforesaid instrument recited the following:

"Whereas, Dora Gary Easterly is the owner of Lot No. 1, Barbara Hall Glenn is the owner of Lot No. 3, Fred N.

Hall is the owner of Lots Nos. 4 and 5, and A. H. Chapman, Sr., is the owner of Lot No. 6, as shown on said plat for Caro C. Powell; and

"Whereas, Dora Gary Easterly, Barbara Hall Glenn, Fred N. Hall, A. H. Chapman, Sr., and Woodrow W. Willard desire to provide protective covenants, restrictions and easements for the re-subdivision of the Caro C. Powell property as shown on said plat for Woodrow W. Willard, and desire that the same shall be developed and used exclusively for private residential purposes;"

It appears from the testimony of the appellant, given on cross examination, that he knew that the construction of a duplex, or a two family dwelling, was in violation of the restriction contained in his deed from Caro C. Powell. It further appears that the appellant attempted to have the restriction "that only one residence may be erected on any one lot" rescinded and to that end had prepared an instrument requesting such release and obtained the signatures of some, but not all, of the owners of lots in the subdivision.

The record reveals that the appellant obtained a building permit from the City of Spartanburg authorizing the construction of a duplex apartment upon his property. The respondents, after determining that the appellant was constructing a duplex, did on May 2, 1969, institute an action against the appellant seeking to enjoin him from such construction. A temporary court order was obtained restraining the appellant from so doing, and directing him to show cause why an injunction should not issue. After the institution of such the appellant, by letter dated May 5, 1969, addressed to counsel for the respondents, stated that he had the building permit previously issued by the City of Spartanburg amended so as to reflect that the structure to be erected would be a residence for the occupancy of one family. The respondents, assuming the representations to be true, withdrew the pending action and took an order of dismissal, without prejudice.

The present action was instituted when the appellant, contrary to the representations made, continued with the construction of the building according to its original design as a duplex. The appellant, with reference to the building he was constructing, testified that each side of this building had a dining room, a living room, a kitchen, two bedrooms and two baths and such was separated by an inside partition wall. He admitted that the building, by reason of its design, could be used as a duplex but denied that he intended to so use it. The appellant testified that he and his wife would occupy one side of the duplex and the other side would be occupied by his divorced son and his two children.

It is stipulated that only single family dwellings have been erected or constructed upon any of the lots which were a part of the Caro C. Powell subdivision.

The appellant has filed a number of exceptions but as we view the record the question for determination is whether the restrictions contained in the deeds from Caro C. Powell to the appellant and others are valid and enforceable by the respondents.

Caro C. Powell sold and conveyed twelve lots lying on the north side of U. S. Highway 29 and eight lots on the south side of said highway and in all of the deeds conveying said lots, the restriction, "that only one residence may be erected on any one lot" was inserted. After having so conveyed the lots referred to, Caro C. Powell conveyed the remainder of the property on the south side of said highway in bulk to Woodrow W. Willard. The deed to him contained no building restrictions, however, approximately two months thereafter, with the consent and approval of all previous purchasers of lots in the subdivision, Willard by a separate instrument, placed a number of restrictions upon the property, then consisting of fourteen lots. One of the restrictions provided that "no structure shall be erected upon any of said residential lots other than one single family private dwelling house. * * * No apartment house or duplex of any type shall be erected or maintained on any of the lots."

The trial judge has found, and there is no exception by the appellant to such, from the testimony of Willard and the events which transpired following the deed from Powell to Willard, without any restrictions, strongly indicates that Powell had exacted from him a binding promise to restrict the property to residential use for the protection of those who had already purchased lots from Powell on the south of the highway. This is what Willard did.

The general rule is that where a common grantor opens a tract of land to be sold in lots, and before any lots are sold inaugurates a general scheme of improvement, and thereafter sells each lot subject to such scheme of improvement, mutuality of covenant and consideration exists among the various purchasers of lots, and that each has an interest in the negative equitable easement thus created. *Edwards v. Surratt*, 228 S. C. 512, 90 S. E. (2d) 906, and *Williams v. Cone*, 249 S. C. 374, 154 S. E. (2d) 682.

This court has held that restrictive covenants imposed upon some lots, but not upon others, in the same subdivision were enforceable among all where it was clear from the inception of the subdivision that there had been a general plan for its residential development and such plan had been adhered to without material departure therefrom, and if it has been understood and relied upon by those concerned, it is binding and enforceable *inter sese. Pitts v. Brown,* 215 S. C. 122, 54 S. E. (2d) 538. We also held in the *Pitts* case that neither the restricting of every lot within the area covered nor absolute identity of restrictions upon different lots is essential to the existence of a neighborhood scheme.

The trial judge has found that the restrictions with which we are here dealing were uniformly imposed on every conveyance up to and including that of the appellant Hall and the respondent Easterly. It is, likewise, clear from the entire record that all conveyances made by Powell manifested a definite plan and purpose to develop

her subdivision as a residential neighborhood. The general plan of a residential neigborhood has been maintained since its inception and this general understanding of use and occupancy has been accepted, relied on, and acted upon by all of the lot owners in the Powell subdivision. It is conclusive from the record that only single family dwellings have been erected upon any of the lots in the subdivision. This subdivision having been developed in the manner stated embraces all of the necessary elements of a general scheme or plan to subject the several lots therein to the restrictions stated.

The appellant asserts that the restrictions here considered were invalid and unenforceable under the rule announced in *Stylecraft v. Thomas,* 250 S. C. 495, 159 S. E. (2d) 46, that "where the granting clause in a deed purports to convey title in fee simple absolute, that estate may not be cut down by subsequent words in the same instrument." The appellant contends that the language in his deed restricting the property to use for a single residence was an effort to impose a condition subsequent on the grant of the fee. This is not the case.

Appellant's deed contains seven items labeled "conditions and restrictions." In case the provisions of the first such item are violated, "title shall immediately revert to the Grantor or her heirs * * *." This attempt to reduce the absolute fee to a determinable fee contravenes the rule of *Stylecraft* and is void. But the result is different with items two through seven, number six of which restricts the property to a single residence. In case of a violation of these provisions, the grantor reserves only "the right of re-entry, abatement and suit without liability for damages * * *." Manifestly, the grantor did not intend by this language to reserve a power of termination by which to strip her grantee of his entire estate upon breach of one of these "conditions and restrictions." The plain import of the grantor's chosen language is that she sought only to

retain a means by which to force the cessation of any forbidden use. *Los Angeles University v. Swarth,* 9 Cir., 107 F. 798; *Minard v. Delaware, L. & W. R. Co.,* 3 Cir., 139 F. 60; *Clark v. City of Grand Rapids,* 334 Mich. 646, 55 N. W. (2d) 137.

The restriction against multiple family dwellings was in the nature of a restrictive covenant, not a condition subsequent. The grantor's decision to make explicit her own right of enforcement in no way diminished the rights accruing to the other grantees in the subdivision.

Since the language complained of does not purport to reduce the *quantum* of the estate theretofore granted, the rule in *Stylecraft* has no application. The restrictive covenants involved here are in no way repugnant to that estate. So far from debasing the absolute fee, the restriction on use was imposed to enhance its value for the mutual benefit of grantor, grantee, and surrounding owners. Neither the potentially perpetual duration nor the free alienability of the fee simple absolute are challenged by the conditions and restrictions. It neither derogates from nor contradicts the absolute fee in the technical sense. See *Stroman v. South Carolina Power Co.,* 168 S. C. 538, 167 S. E. 844.

We think that the trial judge was correct in concluding that the Powell subdivision had been developed as a residential neighborhood and the several lot owners had the right to the enforcement of the restrictions contained in the several deeds.

The restriction "that only one residence" or "one single family private dwelling house" may be erected on any one lot excludes the erection of a duplex. A number of courts have so held. The cases are collected in 14 A. L. R. (2d), Sec. 11, commencing on page 1409.

It was stipulated that the respondents are not desirous of an order requiring the appellant to demolish or destroy so much of the structure as has already been constructed

but request only that the court permanently enjoin the appellant from using the structure for more than one family.

We conclude that the trial judge was correct in permanently enjoining the appellant from using the structure for more than one family but in the light of the aforementioned stipulation the appellant is not restrained from completing the construction of the building.

All the exceptions of the appellant are overruled and the judgment below is affirmed as modified.